STATE *ex rel.* S. J. CATTS, *Relator,* v. H. G. MASON *et al.,*
*Respondents.*

Opinion Filed Sept. 26, 1916.

Where in a mandamus proceeding it is alleged and not denied
that the original returns of a primary election as sent up
from a county are inaccurate, the court will not command
the State Canvassing Board to recanvass such inaccurate re
turns.

Original Proceedings for Mandamus.

*W. W. Flournoy,* for Relator;

*Thomas B. Adams, D. M. Buie* and *Thomas W.
Fielding,* for Respondents.

PER CURIAM.—The demurrer interposed by the re-
lator to the answer of respondents is overruled. The
motion to strike certain portions of the answer and the
motion for a peremptory writ are denied.

The alternative writ commands the inspectors of pre-
cinct No. 3 in Alachua County to sign the returns and
the County Canvassing Board to make out in duplicate
new returns of all the votes cast for Governor in said
county so that said new return shall include the votes
cast for Governor as shown by the original first and
only returns from said precinct Number 3 * * and shall
include the votes cast for the candidates for Governor
in all other precincts of said county of said election as
shown and only as shown by the original returns made
by the Inspectors of the said several precincts of said
county.

The respondents answer in substance: that prior to
the application for a writ of mandamus in this cause, an

application was made by another party who was a can-
didate in the same primary election, to the Circuit Court
for Alachua County for a writ of mandamus to be di-
rected against all the inspectors and clerks of all the pre-
cincts in said county and the County Canvassing Board to
compel them to correct errors and inaccuracies in the
original returns and the canvass thereof; that said alter-
native writ was issued and at the time of the answer was
being complied with; that the original returns were incor-
rect and that to comply with the writ in this case would
be to perpetuate an error and confirm an untruth.

Now the right of a candidate in a primary election is
to have the votes cast for him accurately counted and
proper return thereof duly made; this is the public duty
which the officers of the election owe to the public and
the duty which the candidates equally have a right to
have performed. No candidate may have a writ of man-
damus against any election officer to compel him to do
any act inconsistent with a correct and accurate perform-
ance of duty. If the original canvass of the Alachua
County primary election returns was based upon inac-
curate returns of the vote cast at the different precincts,
then obviously the county canvass was erroneous, and
the court will not compel the respondent to perform
an act which is admittedly based upon error.

The Circuit Court for Alachua County in this matter,
a court of concurrent jurisdiction with the Supreme
Court, had already taken jurisdiction of the cause which
has for its purpose the correction of the election returns
and the returns of the County Canvassing Board as based
thereon.

These allegations of fact are admitted by the demur-
rer and motion for a peremptory writ. If the alleged

facts are true they constitute a complete answer to the alternative writ.